UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEN OMAR OUTHOUMMOUNTRY, <br><br> Plaintiff, <br><br> v. <br><br> N. PASCUA, et al., <br><br> Defendants. | Case No.: 1:22-cv-00104-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE <br><br> (ECF No. 17) |

    Plaintiff Stacen Omar Outhoummountry is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's second motion for appointment of counsel, filed March 14, 2022  (ECF No. 17.)  Plaintiff asks for appointment of counsel because he is unable to afford counsel; his imprisonment limits his ability to litigate the action; limited knowledge of the law and access to the law library; a trial would likely involve conflicting testimony; the issues in this case are complex; and he has limited education.  (ECF No. 17.)

    As Plaintiff was previously advised, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  At this early stage of the litigation, the Court cannot find Plaintiff is likely to succeed on the merits, as it has yet to screen Plaintiff's complaint.  Indeed, nothing has changed since Plaintiff's first motion for appointment of counsel was filed and denied.  In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Accordingly, Plaintiff's second motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **April 4, 2022**

UNITED STATES MAGISTRATE JUDGE