UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEN OMAR OUTHOUMMOUNTRY,<br><br>Plaintiff,<br><br>v.<br><br>PASCUA, et al.,<br><br>Defendants. | No. 1:22-cv-00104-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND VACATE DEADLINES<br><br>(ECF No. 58) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to stay merits-based discovery pending the resolution of their exhaustion-based motion for summary judgment, filed January 29, 2024. Plaintiff did not file an opposition and the time to do so has passed. Local Rule 230(l).

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 117 (2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little

1  v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of
2  immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims
3  pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.
4  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No.
5  C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

6       The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment
7  on Plaintiff's claims against them if the Court determines the claim is unexhausted.  Albino, 747
8  F.3d at 1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to
9  this action, obviating the need for merits-based discovery.  Gibbs, 2014 WL 172187, at *3.  In
10 Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before
11 reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit"
12 should be left until later.  Albino, 747 F.3d at 1170.  To the extent that the non-moving party
13 needs specific discovery to address issues raised in a dispositive motion, the non-moving party
14 may seek redress by Federal Rule of Civil Procedure 56(d).  Albino, 747 F.3d at 1170-71; Wyatt
15 v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747
16 F.3d at 1168-69).

17      On the basis of good cause, it is HEREBY ORDERED that:

18     1.   All merits-based discovery is stay until a final ruling on Defendants' pending
19         motion for summary judgment;
20     2.   The discovery and dispositive motions deadlines are vacated; and
21     3.   If necessary, the Court will reset the deadlines following resolution of the pending
22         motion for summary judgment.

23
24 IT IS SO ORDERED.
25 Dated: __February 29, 2024__                    _____
26                                                   UNITED STATES MAGISTRATE JUDGE
27
28