**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STACEN OMAR OUTHOUMMOUNTRY,<br><br>                    Plaintiff,<br><br>        v.<br><br>PASCUA, et al.,<br><br>                    Defendants. | Case No.  1:22-cv-0104 JLT SAB (PC)<br><br>ORDER REFERRING THE MATTER FOR AN EVIDENTIARY HEARING<br><br>ORDER DECLINING TO CONSIDER THE FINDINGS AND RECOMMENDATIONS DENYING DEFENDANTS' EXHAUSTION MOTION FOR SUMMARY JUDGMENT UNTIL AFTER THE EVIDENTIARY HEARING IS COMPLETED<br><br>(Docs. 48, 61) |

Stacen Omar Outhoummountry seeks to hold N. Pascua and M. Childress liable for deliberate indifference to his serious medical need in violation of the Eighth Amendment. Defendants seek summary judgment, asserting Plaintiff failed to exhaust his administrative remedies prior to filing this action.  (Doc. 48.)

The magistrate judge found Defendants carried "their initial burden of demonstrating that Plaintiff failed to exhaust the administrative remedies."  (Doc. 61 at 7.)  However, the magistrate judge found there was conflicting declaratory evidence regarding whether Plaintiff submitted a grievance that was not properly processed.  (*See id.* at 7-11.)  The magistrate judge observed, "The nature of the declarations cannot be resolved by way of summary judgment because the Court cannot weigh the credibility of Plaintiff's declaration that he submitted a grievance on

1

1   January 25, 2019, against Defendants' evidence that he did not submit a grievance…." (*Id.* at 10-

2   11.)  Therefore, the magistrate judge found "summary judgment was not appropriate on the issue

3   of exhaustion." (*Id.* at 11.)  The magistrate judge found the Court should conduct an "evidentiary

4   hearing to determine whether Plaintiff exhausted administrative remedies relative to his claim in

5   this action," and recommended the motion for summary judgment be denied.  (*Id.* at 12.)

6          The Court served the Findings and Recommendations on all parties and notified them that

7   any objections were due within 21 days of the date of service.  (Doc. 61 at 12.)  The Court also

8   advised the parties that "failure to file objections within the specified time may result in the

9   waiver of rights on appeal." (*Id*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.

10  2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No objections were filed and the

11  time to do so has passed.

12         According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

13  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

14  are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

15         1.     The Court **DECLINES** to consider the Findings and Recommendations at this

16                time. The matter is referred to the magistrate judge to conduct an evidentiary

17                hearing under *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

18         2.     Ruling on Defendants' motion for summary judgment is **DEFERRED** until the

19                evidentiary hearing is completed and supplementary or amended findings and

20                recommendations are issued.

21

22  IT IS SO ORDERED.

23  Dated:  __June 4, 2024__

    UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                      2